FILED - GR
January 22, 2010 11:00 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _cmi_/_____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

---

| | |
|---|---|
| **AMERICAN STEEL TREATING, INC.**, an Ohio corporation, | Case No. 1:09-cv-1156 |
| Plaintiff, | Hon. Janet T. Neff |
| -vs- | **Answer & Affirmative Defenses** |
| **LEN INDUSTRIES, INC.**, a Michigan corporation, | |
| Defendant. | |

---

| | |
|---|---|
| **Siciliano, Mychalowych,** **Van Dusen and Feul, PLC** By: Timothy R. Van Dusen (P33390)     Molly Strand Leslie (P68764) Attorneys for Plaintiff 37000 Grand River Avenue, Suite 350 Farmington Hills, Michigan 48335 (248) 442-0510 | **Abbott, Thomson & Beer, P.L.C.** By: Brendon R. Beer (P65365) Attorneys for Defendant 180 West Michigan Avenue, Suite 601 P.O. Box 450 Jackson, Michigan 49204-0450 (517) 787-8570 |

---

NOW COMES the Defendant, Len Industries, Inc. ("Len"), by and through it attorneys, *Abbott, Thomson & Beer, PLC*, and for its Answer to the Plaintiff's Complaint states as follows:

## GENERAL ALLEGATIONS

1. The allegations contained within Paragraph 1 of Plaintiff's Complaint are admitted, upon information and belief.

2. The allegations contained within Paragraph 2 of Plaintiff's Complaint are admitted.

3. The allegations contained within Paragraph 3 of Plaintiff's Complaint are admitted, upon information and belief.

4. The allegations contained within Paragraph 4 of Plaintiff's Complaint are admitted.

5. The allegations contained within Paragraph 5 of Plaintiff's Complaint are admitted.

**COMMON ALLEGATIONS**

6. Defendant hereby restates and incorporates by reference its answers to Paragraphs 1 - 5 of Plaintiff's Complaint, as if said answers were fully set forth herein.

7. The allegations contained within Paragraph 7 of Plaintiff's Complaint are admitted.

8. The allegations contained within Paragraph 8 of Plaintiff's Complaint are admitted.

9. The allegations contained within Paragraph 9 of Plaintiff's Complaint are neither admitted nor denied, as Defendant is without sufficient information to form a belief as to the truth thereof and, therefore, leaves Plaintiff to its proofs. Defendant further states that Plaintiff failed to perform the work in a timely fashion, failed to perform the work in accordance with prints and/or specifications provided by General Motors and invoiced Len for substandard workmanship.

10. The allegations contained within Paragraph 10 of Plaintiff's Complaint are neither admitted nor denied, as Defendant is without sufficient information to form a belief as to the truth thereof and, therefore, leaves Plaintiff to its proofs. Defendant further states that Plaintiff failed to perform the work in a timely fashion, failed to perform the work in accordance with prints and/or specifications provided by General Motors and invoiced Len for substandard workmanship.

11. The allegations contained within Paragraph 11 of Plaintiff's Complaint are denied, as they are untrue. Defendant further states that Plaintiff failed to perform the work in a timely fashion, failed to perform the work in accordance with prints and/or specifications provided by General Motors and invoiced Len for substandard workmanship.

## COUNT I – BREACH OF CONTRACT

12. Defendant hereby restates and incorporates by reference its answers to Paragraphs 1 - 11 of Plaintiff's Complaint, as if said answers were fully set forth herein.

13. The allegations contained within Paragraph 13 of Plaintiff's Complaint are denied, as they are untrue.

14. The allegations contained within Paragraph 14 of Plaintiff's Complaint are denied, as they are untrue. Defendant would further state that payment terms are not identified anywhere in the purchase order attached to Plaintiff's Complaint as Exhibit A.

15. The allegations contained within Paragraph 15 of Plaintiff's Complaint are denied, as they are untrue. Defendant further states that it is entitled to an offset pursuant to MCL 440.2717.

16. The allegations contained within Paragraph 16 of Plaintiff's Complaint are admitted. Defendant further states that it is entitled to an offset pursuant to MCL 440.2717.

17. The allegations contained within Paragraph 17 of Plaintiff's Complaint are denied, as they are untrue. Defendant further states that it is entitled to an offset pursuant to MCL 440.2717.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Complaint, enter a judgment in favor of Defendant and award Defendant its costs and attorney fees incurred in defending this action.

## VERIFICATION

I, Leonard Len, Chief Executive Officer of Len Industries, have read this Answer and attest that those facts and responses stated herein that are of my own knowledge are true and those matters stated of which I have been informed I believe to be true after reasonable inquiry.

_____
Leonard Len – Chief Executive Officer


STATE OF MICHIGAN   )
                    )
COUNTY OF JACKSON   )

On this 20th day of January, 2010, before me, a notary public in and for said county and state, personally came Leonard Len, personally and professionally to me known to be the same person described in and who executed the above instrument, and acknowledged that the contents thereof are true to the best of his own personal knowledge except those matters stated to be on information and belief, and as to those matters he believes them to be true.

_____
Brendon R. Beer, Esq.
Notary Public, Jackson County, MI
Acting in Jackson County, MI
My commission expires: 01/10/16


Respectfully submitted,

**ABBOTT, THOMSON & BEER, PLC**

Dated: January 20, 2010          By: _____
                                 Brendon R. Beer (P65365)
                                 Attorneys for Defendant

## AFFIRMATIVE DEFENSES

**NOW COMES** Defendant, by and through its attorneys, Abbott, Thomson & Beer, PLC, and for its Affirmative Defenses to Plaintiff's Complaint, states as follows:

4

1. Plaintiff has failed to mitigate its claimed damages.

2. Plaintiff's alleged damages are the direct and proximate result, either in whole or in part, of the acts or omissions of Plaintiff or others beyond the control of the Defendant.

3. Plaintiff's claims are barred, in whole or in part, as a result of the statute of frauds.

4. Plaintiff's claims are barred, in whole or in part, as a result of the applicable statute of limitations.

5. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

6. There exists no genuine issue as to any material fact and Defendant is entitled to judgment in its favor as a matter of law.

7. Plaintiff was in breach of the subject contract and is, as such, is barred from any recovery.

8. Defendant is entitled, pursuant to MCL 440.2717, to offset all or any part of the damages it incurred as a result of Plaintiff's breach of the contractual agreement between the parties from any part of the price still due under the contract.

9. The Plaintiff's claims are barred based upon the Doctrine of Unclean Hands.

10. Plaintiff's claims are barred based upon the Doctrine of Good Faith.

11. Plaintiff's claims are barred based upon the Doctrine of Justification.

12. Plaintiff's claims are barred based upon the Doctrine of Mistake.

13. Plaintiff's claims are barred, in whole or in part, based upon the Defendant's prior payment for the "work."

14. Defendant reserves the right to add additional Affirmative Defenses should the facts and circumstances to require upon the completion of discovery.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Complaint, enter a judgment of no cause of action in favor of Defendant and award Defendant its costs and attorney fees incurred in defending this action.

                                   Respectfully submitted,

                                   **ABBOTT, THOMSON & BEER, PLC**

Dated:  January 20, 2010           By: _____
                                   Brendon R. Beer (P65365)
                                   Attorneys for Defendant